IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER SCOTT,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　 )　　Case No. 17−cv−1127−JPG
　　　　　　　　　　　　　　　　　　　)
SIDDIQUI,　　　　　　　　　　　　　　 )
RITZ, and　　　　　　　　　　　　　　 )
WEXFORD HEALTH SERVICES, INC.　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　Defendants.

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

　　　Plaintiff Christopher Scott, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests injunctive relief, declarative relief, and money damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> 　　(a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> 　　(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> 　　　　(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> 　　　　(2) seeks monetary relief from a defendant who is immune from such relief.

　　　An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff was jogging on the prison yard on July 16, 2016 when he slipped on an uneven patch of dirt and grass. (Doc. 1, p. 8). He injured his right knee. *Id.* Specifically, Plaintiff experienced severe pain, swelling, and his right knee cap would grind and crack when moving it. *Id.* Since the incident, Plaintiff has been unable to fully flex or extend his knee or walk up and down stairs. *Id.* His knee feels unstable and Plaintiff is frequently in severe and extreme pain. *Id.*

Plaintiff was referred to Siddiqui for his complaints of knee pain on July 25, 2016. *Id.* Siddiqui ordered an x-ray. *Id.* Siddiqui told Plaintiff that he probably had arthritis in his right knee, which caused an argument when Plaintiff told Siddiqui that his knee was injured while jogging 9 days prior. (Doc. 1, p. 9). Plaintiff requested a MRI, but Siddiqui declined to order it and said that he would never order a MRI. *Id.* Siddiqui gave Plaintiff ibuprofen. *Id.* The x-ray was negative for fracture or effusion. *Id.* Plaintiff continued to complain of pain and weakness. (Doc. 1, p. 10).

Plaintiff saw non-party Dr. Tindall on October 28, 2016; she recommended that Plaintiff receive an MRI. *Id.* The request was denied by Dr. Ritz, an employee of Wexford Health Sources, who instead recommended a physical therapy evaluation on November 4, 2016. (Doc.

1, p. 11). Plaintiff alleges that physical therapy was recommended because it would cost little to nothing to Wexford and the IDOC. *Id.* Plaintiff was referred to an outside hospital where he was taught physical therapy exercises that he attempted to do on his own for several months. (Doc. 1, pp. 12-14).

On April 2, 2017, Plaintiff was walking in the prison yard when his right knee gave out, causing him to lose his balance and break his right pinky toe. (Doc. 1, p. 14). Plaintiff saw Siddiqui on April 4, 2017 regarding his right knee; Siddiqui told Plaintiff he would refer him for an MRI for his knee, but declined to refer Plaintiff for an x-ray on his toe. (Doc. 1, p. 15). Plaintiff's case was submitted to Ritz for a second time on April 11, 2017. *Id.* Once again, Ritz denied Plaintiff an MRI and instead directed that he be placed on NSAIDS. *Id.* Plaintiff never received the medication. (Doc. 1, p. 16).

Plaintiff saw Siddiqui again on April 27, 2017 regarding his knee. (Doc. 1, p. 19). Plaintiff complained that even though he had completed physical therapy, he was still experiencing pain and could not extend his knee or apply pressure. *Id.* Siddiqui told Plaintiff he could not help him and reiterated his conviction that Plaintiff suffers from arthritis. *Id.*

Plaintiff was presented again in collegial for an MRI on May 17, 2017, and Ritz denied Plaintiff an MRI for the third time. (Doc. 1, p. 20). Ritz once again recommended NSAIDS for pain. *Id.*

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

>    **Count 1** – Siddiqui and Ritz were deliberately indifferent to Plaintiff's knee injury in violation of the Eighth Amendment when they refused to adequately treat it;
>
>    **Count 2** – Wexford has an unconstitutional policy, practice, or custom of not providing MRI's and instead recommending low-cost care.

As to Plaintiff's **Count 1**, prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Deliberate indifference may also be shown where medical providers persist in a course of treatment known to be ineffective. *Berry v. Peterman*, 604 F.3d 435, 441-42 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

Here Plaintiff has alleged that he experiences constant pain and weakness in his right knee after an injury he suffered in July 2016. Constant pain and difficulty with movement are plausible allegations of a serious medical need. He further alleges that Defendants Siddiqui and Ritz continued treating his injury conservatively, despite the fact that the injury did not respond

to conservative treatment. Persisting in an ineffective course of treatment is deliberate indifference. On these facts, Plaintiff has made an adequate claim and **Count 1** shall be permitted to proceed against both defendants.

In **Count 2**, Plaintiff brings claims against Wexford. For purposes of § 1983, the courts treat "a private corporation acting under color of state law as though it were a municipal entity," *Jackson v. Ill. Medi–Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002), so Wexford will be treated as a municipal entity for this suit. "[T]o maintain a § 1983 claim against a municipality, [a plaintiff] must establish the requisite culpability (a 'policy or custom' attributable to municipal policymakers) and the requisite causation (the policy or custom was the 'moving force' behind the constitutional deprivation)." *Gable v. City of Chicago,* 296 F.3d 531, 537 (7th Cir. 2002) (*quoting Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)).

Here Plaintiff has alleged that Wexford had a policy of providing care to inmates that was based on cost, i.e. that Wexford doctors make recommendations that will not cost the company anything in lieu of ordering necessary treatment. Plaintiff has alleged that he has an injury and that he needs an MRI to determine the scope of that injury. He has been ordered conservative treatment to no effect. Despite this, he alleges that Wexford doctors persist in their course of conservative treatment due to a Wexford policy that favors conservative treatment, and have repeatedly declined to order a MRI or send him out for further treatment. This is adequate to state a claim at this point, and **Count 2** will proceed against Wexford.

## **Pending Motions**

Plaintiff's Motion to Proceed in forma pauperis will be addressed by separate order. (Doc. 2).

Plaintiff's Motion for Recruitment of Counsel will be addressed by the United States Magistrate Judge assigned to this case. (Doc. 3).

Plaintiff's Complaint requests preliminary injunctive relief. While best practice is to file an independent motion on this point, the Clerk of Court is **DIRECTED** to add a motion for a preliminary injunction to the docket. The United States Magistrate assigned to this case will address the preliminary injunction promptly.

## **Disposition**

**IT IS HEREBY ORDERED** that **Counts 1 and 2** survive threshold review. The Clerk of Court is further **DIRECTED** to add a motion for a preliminary injunction to the docket.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Siddiqui, Ritz, and Wexford: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting

service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 25, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**
