# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER SCOTT,<br><br>        Plaintiff,<br><br>v.<br><br>DR. SIDDIQUI, DR. RITZ, and WEXFORD HEALTH SERVICES, INC.,<br><br>        Defendants. | Case No. 3:17-cv-01127-JPG-SCW |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 34) of Magistrate Judge Stephen C. Williams with regard to the plaintiff's motion for a preliminary injunction. (Doc. 6.) The Court may accept, reject, or modify—in whole or in part—the findings or recommendations of the magistrate judge in a report and recommendation. FED. R. CIV. P. 72(b)(3). The Court must review *de novo* the portions of the Report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

This is a deliberate indifference case arising from the alleged failure by the defendants to provide medical care for the plaintiff Christopher Scott's knee injury. (*See* Docs. 1, 5.) Basically, Scott hurt his knee walking through the prison yard, and although he has supposedly received several forms of treatment and has refused certain medication, he wants the Court to enter a preliminary injunction against the defendants "to stop ordering alternative care treatment to prisoners [and] provide…necessary medical care…[and] stop ordering ineffective care to save…costs." (Doc. 1, p. 22.) Magistrate Judge Williams has entered a thorough Report

1

recommending that the Court deny the preliminary injunction for numerous reasons, including (1) the requested relief is vague and broad, which runs afoul of the Prison Litigation Reform Act's requirement that requested relief be narrowly drawn; (2) the relief would violate Federal Rule of Civil Procedure 65, which requires a Court to describe the terms of an injunction "specifically" and in "reasonable detail"; and (3) Scott has not demonstrated that he would be likely to win on the merits of his Eighth Amendment claim—a pre-requisite to obtain injunctive relief. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010).

Scott has filed an objection to the Report. (Doc. 36.) That document enumerates 13 individual objections targeted at a cavalcade of items. The Court has conducted a *de novo* review of the portions of the Report to which Scott made his objections and finds as follows:

First, Scott points out a factual error in the Report: it states "Plaintiff received another x-ray in October 2017 which showed **no** mild osteoarthritis of the knee joint, but no acute bony fracture or dislocation." (Doc. 34, p. 4.) (emphasis added). Scott argues that the x-ray did show mild osteoarthritis, and thus the entire Report is tainted by this factual error. This argument goes too far, however, considering the word "no" appears to be a typo given the phrasing and nature of both the sentence in question and the remainder of the Report. Plaintiff also argues that the osteoarthritis diagnosis is suspect because that condition only occurs in "people over the age of 60," while Scott is only 37. But that objection is neither credible nor supported by any evidence.

Second, Scott argues that he was never offered a nonsteroidal anti-inflammatory drug, while the Report and one of the defendants in the case claim otherwise. Scott instead says that he was offered ibuprofen, even though he admits to refusing it multiple times. This objection fails because ibuprofen is, in fact, a nonsteroidal anti-inflammatory drug. *See* WEBMD, *OTC Pain Relief: Understanding NSAIDs*, https://www.webmd.com/pain-management/features/pain-

relievers-nsaids (last accessed June 4, 2018).

Next, objections 3–7 are frivolous and haphazard attempts to attack the factual findings in the Report. For example, one objection states that the Court cannot rely on defendant Dr. Ritz's declaration in this case because he did not assess Scott in person, even though he participated in several collegial reviews of the record with other doctors. (Doc. 36, p. 12.) Another objection states, without evidence, that the x-ray machine in question is outdated and does "not show pathologic injuries." (Doc. 36, p. 13.) Yet another objection is to the time when Scott was sent to physical therapy, and even though the defendants admit that the timetable is unclear, that dispute is irrelevant to the instant motion. (*Id.* at p. 14.)

The remaining objections are frivolous attacks on legal findings and analysis in the Report. Objections 8 and 11 say that Magistrate Judge Williams incorrectly found that Scott has not demonstrated that he would be likely to win on the merits of his Eighth Amendment claim. (*Id.* at 15, 21.) Scott thinks this is wrong simply because if the doctors had ordered an MRI, they would have found an injury. But that argument begs the question and does not demonstrate that Scott is entitled to a preliminary injunction. Objection 9 first re-states the Report's language that "Plaintiff is entitled only to adequate care—not to demand specific care," and then Scott argues that he is not seeking specific care. But Scott then contradicts himself by demanding an MRI. (*Id.* at 16.) Objections 10, 12, and 13 are all disagreements to the type of medical care that Scott received, but prisoners do not enjoy an Eighth Amendment right to choose the type of medical care that they receive so long as the care that they are provided is not blatantly inappropriate. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014).

**CONCLUSION**

For the foregoing reasons, the Court:

- **ADOPTS** the Report in its entirety (Doc. 34);

- **OVERRULES** Scott's objections (Doc. 36); and

- **DENIES** Scott's motion for a preliminary injunction (Doc. 6.)

**IT IS SO ORDERED.**

**DATED: JUNE 12, 2018**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT
DISTRICT JUDGE**
